UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
JAMARR FOWLER ,

|  | Plaintiff, | NOTICE OF MOTION FOR |
| --- | --- | --- |
|  |  | SUMMARY JUDGMENT |
| -against- |  | CIVIL ACTION |

KINGSTON CITY POLICE DEPARTMENT;
CITY OF KINGSTON, NEW YORK;               Case Number: 07-CV-00873
THE COUNTY OF ULSTER;                     LEK-DRH
ULSTER COUNTY SHERIFF DEPARTMENT;
SHERIFF J. RICHARD BOCKELMAN; OFFICER
BENNY REYES; OFFICER ERIC VAN ALLEN;
OFFICER RICK NEGRON; OFFICE OF THE ULSTER
COUNTY DISTRICT ATTORNEY; and
DISTRICT ATTORNEY DONALD A. WILLIAMS,

Defendants.
-----------------------------------------------------------------------X

   **PLEASE TAKE NOTE** that upon the annexed memorandum of law, the affidavit of Marlon

G. Kirton, sworn on the 1st of November, 2008, and all papers and pleadings filed herein, the

undersigned shall move this Court for an order pursuant to Rule 56 of the Federal Rules of Civil

Procedure for partial summary judgment in favor of the plaintiff, Jamarr Fowler, as for the liability

of the defendants and requesting trial only on the issue of damages as the defendants are liable for

as a matter of law, and further relief as this Court may deem just and proper at the motion term of

this Court held on December 5, 2008 in and before the Northern District of New York at the U.S.

District Court, 445 Broadway, Albany, New York.

   **PLEASE TAKE FURTHER NOTICE** that pursuant to Rule 7.1 of the Local Rules of

Practice of the United States District Court for the Northern District of New York, any papers to be

submitted in opposition to the within motion shall be filled with the Court and served on the moving

party not less than seventeen calendar days prior to the return date of the motion.

**DATE:** November 1, 2008

                               **MARLON G. KIRTON, P.C.**

                         BY:     s/ Marlon G. Kirton
                               Marlon G. Kirton, Esq.
                               Bar Roll No. 106455
                               Attorney of Plaintiff
                               230 Park Avenue, Suite # 1000
                               New York, NY 10169

**TO:**    Robert D. Cook, Esq.
          Cook, Netter, Cloonan, Kurtz & Murphy, PC
          Attorneys for Defendants:
          Kingston City Police Department;
          Officer Benny Reyes, Officer Eric Van Allen,
          and Officer Rick Negron
          P.O. Box 3939, 85 Main Street
          Kingston, New York 12402

          Michael E. Catalinotto, Jr., Esq.
          Maynard, O'Connor, Smith & Catalinotto, LLP
          Attorneys for Defendants:
          Ulster County Sheriff's Department and
          Sheriff J. Richard Bockelman
          P.O. Box 180
          Saugerties, New York 12477

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------

**JAMARR FOWLER ,**

                           **Plaintiff,**           **Civil Case Number**

                                               **1:07-cv-873, LEK/DRH**

     **-against-**

**KINGSTON CITY POLICE DEPARTMENT;**

**CITY OF KINGSTON, NEW YORK;**

**THE COUNTY OF ULSTER;**

**ULSTER COUNTY SHERIFF DEPARTMENT;**

**SHERIFF J. RICHARD BOCKELMAN; OFFICER**

**BENNY REYES; OFFICER ERIC VAN ALLEN;**

**OFFICER RICK NEGRON; OFFICE OF THE ULSTER**

**COUNTY DISTRICT ATTORNEY; and**

**DISTRICT ATTORNEY DONALD A. WILLIAMS,**

                                   **Defendants.**

-----------------------------------------------------------------------

**STATEMENT OF MATERIAL FACTS:**

    1.  On or about August 29, 2004, Police Officer Eric Van Allen was employed with the City

of Kingston Police Department.  (Deposition of Eric Van Allen, August 12, 2008, page 11).

3

2.  On or about August 29, 2004, Police Officer Benny Reyes was employed with the City of Kingston Police Department.  (Deposition of Benny R. Reyes, August 12, 2008, page 9).

3.  On or about August 29, 2004, Police Officer Rick Negron was employed with the City of Kingston Police Department.  (Deposition of Richard J. Negron, August 12, 2008, page 8-9).

4.  The City of Kingston is a municipal corporation.  (Amended Complaint of Jamarr Fowler, April 9, 2008, paragraph 4).

5.  The City of Kingston Police Department is an agency of the City of Kingston.  (Fowler, complaint paragraph 9).

6. On or about August 29, 2004, Officer Benny Reyes was on routine patrol in a marked car in the area of Prospect Street and Van Dunsen Street in the City of Kingston, New York.  On four (4) or five (5) occasions he came upon a group of approximately four (4) individuals who dispersed when his vehicle approached.  (Reyes, page 10) and (Fowler, complaint paragraph 10).

7.  Prior to exiting his vehicle he called for backup, at which time at around 4:00 A.M., Officer Reyes approached the Plaintiff, Jamarr Fowler, and another individual, without knowing whether they were among the other individuals he observed earlier, Officer Reyes began questioning Mr. Fowler and requested certain information.  (Reyes, page 10) and (Fowler, complaint paragraph 11).

8.  As the inquiry was being conducted by Officer Reyes, Officer Richard Negron and Officer Van Allen arrived on the scene and also began questioning Mr.  Fowler.  (Fowler, complaint paragraph 13).

9.  The officers observed that Mr. Fowler's pants were unzipped and that he was grabbing his crotch area.  They did not observe any bulges that might indicate a weapon or drugs in the area

4

that Mr. Fowler was grabbing, nevertheless they instructed Mr. Fowler to put his hands on the patrol car so that a pat down could be conducted.  (Fowler, complaint paragraph 14).

10.   Mr. Fowler was alleged to have become hostile and at this point he was placed in handcuffs, advised that he was under arrest for disorderly conduct, and transported to the police station by Officers Van Allen and Negron.  (Fowler, paragraph 15).

11.   The Plaintiff was placed in the booking area and was reportedly uncooperative.  A strip search was conducted and a plastic bag, which was later determined to contain cocaine, was allegedly found in Mr. Fowler's buttocks by Officers Van Allen and Negron.  (Fowler, page 2 and paragraph15).

12.   Mr. Fowler was booked at the police station, prosecuted and later indicted by an Ulster County Grand Jury on one (1) count each of criminal possession of a controlled substance in the fourth degree, criminal possession of a controlled substance in the fifth degree and disorderly conduct.  (Fowler, paragraph 17).

13.   Mr. Fowler was incarcerated for seven (7) months in custody of the Ulster County Sheriff Department, Mr. Fowler was prosecuted by the Ulster County District Attorney Office. (Fowler, page 2).

14.   Mr. Fowler requested and received a pre-trial suppression hearing, where the trial court suppressed the contraband allegedly found on the Plaintiff because it was found that the police lacked probable cause for the arrest of the plaintiff.  (Fowler, page 2).

15.   The trial court dismissed the indictment and Mr. Fowler was released from custody. (Fowler, page 2).

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------
JAMARR FOWLER ,

                                    Plaintiff,              **Civil Case Number**

                                                           **1:07-cv-873, LEK/DRH**


          -against-                                        **AFFIDAVIT**




KINGSTON CITY POLICE DEPARTMENT;
CITY OF KINGSTON, NEW YORK;
THE COUNTY OF ULSTER;
ULSTER COUNTY SHERIFF DEPARTMENT;
SHERIFF J. RICHARD BOCKELMAN; OFFICER
BENNY REYES; OFFICER ERIC VAN ALLEN;
OFFICER RICK NEGRON; OFFICE OF THE ULSTER
COUNTY DISTRICT ATTORNEY; and
DISTRICT ATTORNEY DONALD A. WILLIAMS,


                                    Defendants.

-----------------------------------------------------------------------



          **Marlon G. Kirton,** an attorney duly admitted to practice before the courts of this

State, attorney for Plaintiff, affirms the following to be true under penalties of perjury:

          1.  I am a member of The Law Offices of Marlon G. Kirton, attorney for the Plaintiff and as

such, am familiar with the facts and circumstances of this action.

6

2.  I make this affidavit in support of Plaintiff's motion for summary judgment seeking an order of this Court to rule in the Plaintiff's favor as a matter of law.

3.  This is a Civil Rights Action brought to redress the deprivation by the Defendants of rights secured to the Plaintiff by the United States Constitution and the laws of the United States of America.  Without probable cause the Plaintiff was falsely arrested, unlawfully strip-searched and falsely imprisoned by the members of the Kingston City Police Department.

4.  The incident which gives rise to this lawsuit occurred on or about August 29, 2004.  On that date, Officer Benny Reyes, a member of the Kingston Police Department, was on routine patrol in a marked car in the mid-town area.  On four (4) or five (5) occasions he came upon a group of approximately four (4) individuals who dispersed when his vehicle approached.  Finally, he stopped his vehicle, called for backup and approached the individuals at the intersection of Van Dusen and Prospect Streets.  As he approached the individuals, two (2) took off running and two (2) remained at the location.  One of those individuals was Plaintiff, Jamarr Fowler.  Officer Reyes proceeded to question the two(2) individuals when Officers Van Allen and Negron arrived.

5.  The three (3) officers began interviewing Mr. Fowler, during which the officers observed that Mr. Fowler's pants were unzipped and that he was grabbing his crotch area.  They did not observe any bulges that might indicate a weapon or drugs in the area that Mr. Fowler was grabbing, nevertheless they instructed Mr. Fowler to put his hands on the patrol car so that a pat down could be conducted.

6.  Mr. Fowler was alleged to have become hostile and at that point he was placed in handcuffs, advised that he was under arrest for disorderly conduct, and transported to the Kingston Police Department.

7.  He was placed in the booking area and was reportedly uncooperative.  A strip-search was conducted and a plastic bag, which was later determined to contain cocaine, was allegedly found in his buttocks.  At this point, Mr. Fowler was arrested and charged with and eventually indicted by an Ulster County Grand Jury on one (1) count each of criminal possession of a controlled substance in the fourth degree, criminal possession of a controlled substance in the fifth degree and disorderly conduct.

8.  Mr. Fowler was incarcerated for seven (7) months in custody of the Ulster County Sheriff Department, and prosecuted by the Ulster County District Attorney Office.

9.  Eventually, Mr. Fowler requested and received a pre-trial suppression hearing.  The trial court suppressed the contraband allegedly found on Mr. Fowler because the judge found that the police lacked probable cause for his arrest.  The trial court dismissed the indictment and Mr. Fowler was released from custody.

10.  As can be seen from the attached memorandum of law, in this Circuit, it is unlawful to strip search a person charged with a misdemeanor or violation unless there is probable cause to believe that the arrestee has contraband.  In the present matter before this Court, the testimony reveals that Officer Reyes was not responding to a community complaint about Mr. Fowler or his companion, nor did he see Mr. Fowler engage in any illegal acts.  Although, Mr. Fowler gave Mr. Reyes all the information requested, the police decided to arrest him simply because he was loudly calling their names and reaching in an unspecified way for his pants.  Clearly, Mr. Fowler was arrested for a violation before he was taken to the precinct, and based upon the testimony of the parties, no probable cause existed for the arrest of plaintiff.  As such, no probable cause existed to conduct a strip search.

11.   Also, it can be seen from the attached memorandum of law, that an individual has a right to be free from false imprisonment under the Fourth Amendment of the U.S. Constitution.  The elements of false imprisonment are that the defendant intends to confine the plaintiff, the plaintiff was conscious of the confinement, the plaintiff did not consent to the confinement and, the confinement was not otherwise privileged.  It is without dispute that Mr. Fowler was placed under arrest and in a police vehicle by all three (3) officers.  He was taken to taken to the precinct and contraband was recovered from his body.  Mr. Fowler was awake and conscious of his being taken into the police car as well as the search of his body.  He wrote to his attorney requesting the release and filed a pro se writ corpus seeking his release after is arrest.  Finally, the police officers lacked probable cause to arrest Mr. Fowler.

12.   Finally, there are five elements that a plaintiff must show to prevail on a malicious prosecution claim under 42 U.S.C. 1983.  One must show that the defendant initiated a prosecution against the plaintiff, that the defendant lacked probable cause to believe the proceeding could succeed, that the defendant acted with malice,  that the prosecution terminated in the plaintiff's favor, and that there was a restraint on the plaintiff's liberty after his arraignment.  As is set forth in the attached memorandum of law, Mr. Fowler is able to prevail on a malicious prosecution claim because he is able to meet all five elements.

13.   Based upon the undisputed facts in this lawsuit and on the authority set forth in the attached Memorandum of Law, the plaintiff is entitled to summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

WHEREFORE, the undersigned respectfully requests that the plaintiff's motion for summary judgement be granted.

Dated: November 1, 2008

s/ Marlon G. Kirton
Marlon G. Kirton, Esq.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JAMARR FOWLER ,

                               Plaintiff,                 **Civil Case Number**
                                                       **1:07-cv-873, LEK/DRH**

     -against-


KINGSTON CITY POLICE DEPARTMENT;
CITY OF KINGSTON, NEW YORK;
THE COUNTY OF ULSTER;
ULSTER COUNTY SHERIFF DEPARTMENT;
SHERIFF J. RICHARD BOCKELMAN; OFFICER
BENNY REYES; OFFICER ERIC VAN ALLEN;
OFFICER RICK NEGRON; OFFICE OF THE ULSTER
COUNTY DISTRICT ATTORNEY; and
DISTRICT ATTORNEY DONALD A. WILLIAMS,

                              Defendants.
-------------------------------------------------------------------X



**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF: JAMARR FOWLER**

**MOTION FOR SUMMARY JUDGMENT**



                                 s/ Marlon G. Kirton
                               Marlon G. Kirton, Esq.
                               Bar Roll No. 106455
                               Marlon G. Kirton, P.C.
                               Attorney of Plaintiff
                               230 Park Avenue, Suite # 1000
                               New York, NY 10169
                               (646) 435-5519

**TABLE OF CONTENTS**

|  |  | **Page** |
|---|---|---|
| 1. | Preliminary Statement | 13 |
| 2. | Statement of Facts | 13 |
| 3. | Issues Presented: | 16 |
|  | Point I    The defendants conducted an unlawful strip Search of the plaintiff.  He was arrested for a Violation and was subject to an illegal strip search without probable cause. | 16 |
|  | Point II    Plaintiff was unlawfully imprisoned for seven (7) months after he was arrested without probable cause. | 18 |
|  | Point III    The defendants are liable under a theory of malicious prosecution. | 19 |
| 4. | Conclusion | 21 |

## PRELIMINARY STATEMENT

The defendants have been summoned to this Court on allegations of the plaintiff, Jamarr Fowler, alleging that as a result of the actions of these defendants, the plaintiff was stopped, arrested, searched and prosecuted in violation of his constitutional rights. The plaintiff now moves in this Motion for a partial Summary Judgment on the issue of liability and request that this Court hold the matter over for a trial on damages.

## STATEMENT OF FACTS

The Plaintiff, Jamarr Fowler has alleged in this Civil Right Action that his constitutional rights were violated when without probable cause the Plaintiff was falsely arrested, unlawfully strip-searched and falsely imprisoned by members of the Kingston City Police Department and the Ulster County Sheriff Department. Mr. Fowler was arrested for disorderly conduct, after being observed grabbing his crotch, although there were no indication of the presence of drugs or a weapon on his person. Mr. Fowler was placed in the booking area where he was strip-searched and a plastic bag of cocaine was found in his buttocks. Mr. Fowler was charged and eventually indicted by the grand jury on one (1) count each of criminal possession of a controlled substance in the fourth degree, criminal possession of a controlled substance in the fifth degree and disorderly conduct. Mr. Fowler was incarcerated for seven (7) months in the custody of the Ulster County Sheriff Department, the Plaintiff was prosecuted by the Ulster County District Attorney Office. However, Mr. Fowler requested and received a pre-trial suppression hearing, where the trial court suppressed the contraband allegedly found on his person because the police lacked probable cause for Mr. Fowler's arrest. The trial court dismissed the indictment and Mr.

Fowler was released from custody.

The facts of this case are more fully set forth in the accompanying affidavit of Marlon G. Kirton.

PROCEDURAL HISTORY

Plaintiff Jamarr Fowler filed a summons and complaint in the Northern District of New York on August 28, 2007. The defendants, City of Kingston, Kingston Police Department, Officer Van Allen, Officer Reyes and Officer Negron were served on December 27, 2007. The defendants filed an answer on January 10, 2008. The Proposed Civil Case Management Plan was filed with the court on January 24, 2008. A telephone conference was held on January 29, 2008 involving counsel for the plaintiff and the defendants. On February 6, 2008, the district court filed the Uniform Pre trial Scheduling Order. Pursuant to the order, all amended motion were due March4, 2008, discovery is to be completed by September 1, 2008, dispositive motions are due November 1, 2008, the case must be ready for trial by December 1, 2008 and the case is scheduled for trial on February 17, 2009 before Senior District Court Judge Lawrence E. Kahn. The plaintiff filed an amended complaint on March 4, 2008. The defendant filed an answer to the amended complaint on March 20, 2008. On June 4, 2008, the plaintiff consented to dismiss the matter against the Ulster County District Attorney and the Ulster County District Attorney Donald Williams. The plaintiff was deposed on August 5, 2008. Officers Reyes, Negron and Van Allen were deposed on August 12, 2008. Sheriff Bockelman was deposed on August 13, 2008.  The plaintiff agreed to dismiss the matter against Ulster County, the Ulster County Sheriff's Office,Sheriff J. Richard Bockelman.

14

SUMMARY JUDGEMENT STANDARDS

In the Court's decision on *Garenani v. The County of Clinton* (552 F. Supp.2d 328), The Honorable Judge David N. Hurd, lays out the standard for summary judgment:

"A <u>Rule</u> 56 of the Federal Rules of Civil Procedure, summary judgment motion should be granted if is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P.56©; see *Celotex Corp, v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Silver v. City Univ. of New York*, 947 F.2d 1021, 1022 (2d Cir. 1991). The Court will not try issues of fact on motion of summary judgment, rather it will determine "whether the evidence presents a sufficient disagreement to require submission to a [fact-finder] or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-52, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). "The party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists and that the undisputed facts establish her right to judgment as a matter of law." *Rodriguez v. City of New York,* 72 F.3d 1051, 1060-61 (2d Cir. 1995). A material fact is one that would "affect the outcome of the suit under the governing law," and a dispute about a genuine issue of material fact occurs if the evidence is such that "a reasonable [fact-finder] could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510; *R.B. Ventures, Ltd. V. Shane*, 112 F.3d 54, 57 (2d Cir. 1977). In determining whether a genuine issue of material fact exists, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Matsushita Elec. Indus. Co v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Gibbs-Alfano v. Burton*, 281 F.3d 12, 18 (2d Cir.2002)."

15

## POINT I- UNLAWFUL STRIP SEARCH

**The defendants conducted an unlawful strip search of the plaintiff. He was arrested for a violation and was subject to an illegal strip search without probable cause.**

A strip search is not lawful where a defendant is charged with a misdemeanor or violation. *Weber v. Dell*, 804 F.2d 796 (2nd. Cir. 1986); *Gonzalez v. Schenectady*, 141 F.Supp2d 304 (N.D.N.Y. 2001); *Flores v. Mount Vernon*, 41 F.Supp.2d 439 (S.D.N.Y. 1999). The Kingston Police Department and the City of Kingston are also liable because the officers acted pursuant to an illegal strip search policy approved by the Kingston Police Department. *Weber, supra* at 803. There was no reasonable suspicion that the plaintiff was hiding contraband on his person. *Hartline v. Gallo*, 2008 WL 4489846 (2nd Cir. 2008).

### THE ARREST LACKED PROBABLE CAUSE

It is uncontested by all of the police witnesses that the defendant was arrested for disorderly conduct on the morning of August 29, 2004. It is without dispute that Officer Reyes had no specific information that the plaintiff committed any crime prior to his approach of the plaintiff in Kingston New York. It is without dispute that Officer Reyes was not responding to a community complaint about Mr. Fowler his companion or that particular block when he approached the Plaintiff. Officer Reyes did not see the plaintiff engage in any illegal acts when he approached him at approximately 4:00 a.m. He was merely a male standing on the corner when he was illegally approached by Officer Reyes. It is without dispute that the plaintiff gave his identification to officer Reyes upon request. The police then decided to arrest him because he was loud calling them names and reaching in an unspecified way for his pants. The plaintiff was subject to a part down at the scene and no weapons, or contraband was found. To summarize, 1. the plaintiff was not seen committing any criminal

16

activity before he was approached by Officer Reyes, 2. Officer Reyes did not receive any information that the plaintiff was committing a crime before he approached the plaintiff, 3. The plaintiff produced valid identification upon request, 4. The plaintiff was subject to a pat down search at the scene, 5. No weapons were found after the pat down search. Nevertheless plaintiff was still taken into custody for disorderly conduct. The plaintiff's arrest was false and without probable cause because the plaintiff was committing no crime and was not suspected of committing a crime and gave the officer valid identification. Their decision to approach him was illegal as a matter of law as was their decision to arrest him for disorderly conduct.

UNLAWFUL STRIP SEARCH

It is without dispute that the plaintiff was arrested for a violation before he was taken to the precinct.  In this Circuit is unlawful to strip search a person charged with a misdemeanor or violation unless there is probable cause to believe that an arrestee has contraband. *Weber, supra*; *Gonzalez, supra; Flores, supra.*  The plaintiff  was strip searched. All the officer admitted that the plaintiff's pants and underpants were below his waist at the Kingston Police Department police precinct. They all admitted that they saw the plaintiff naked anus. They all admitted that Officer Van Allen removed a small plastic bag from his anus. The plaintiff concurs that the officers removed his pants and searched his anus. This is without dispute a strip search. Plaintiff further testified that these events occurred when a supervising officer said "strip him". Such a command is consistent with the unconstitutional strip search policy of the Kingston Police Department. The policy manual does not state categorically that strip searches for misdemeanor and violation arrests are prohibited. It gives sole discretion to the shift commander to decide when strip searches are "absolutely necessary." The languages reads: Strip searches shall only be conducted when it is absolutely necessary and only

17

when approved by a shift commander on duty at the time of the search." Plaintiff states that Officer

Van Allen told him he would be stripped searched when he got to the precinct. Such a practice the

plaintiff was told is "KPD law". This is backed up by officers that all testified that they conducted

strip searched before. Officer Negron had no idea that strip searches could not be conducted for

violations and misdemeanors. He was never told this by his superiors nor did he discover this on his

own.

The officers, the Kingston Police Department and the City of Kingston are all liable for their

unconstitutional policy. They are similarly liable for the search of the plaintiff as his arrest was

without probable cause. The plaintiff was then charged with felony drug possession. He went

through legal proceedings and was held without bail for seven (7) months pending the outcome of

his case. After a suppression hearing, a state court judge dismissed the indictment against the

plaintiff because he found that the search of the defendant and seizure of the contraband violated his

constitutional rights.

## POINT II  - FALSE IMPRISONMENT

**Plaintiff was unlawfully imprisoned for seven (7) months after he was arrested without probable cause.**

An individual has a right to be free from false imprisonment under the Fourth Amendment

of the U.S. Constitution. *Garenani v. Clinton County,* 552 F. Supp.2d 328 (N.D.N.Y. 2008); *Bernard*

*v. United States,* 25 F.3d 98 (2nd Cir. 1994). The elements of false imprisonment are as follows: 1.

The defendant intends to confine the plaintiff, 2. The plaintiff was conscious of the confinement, 3.

The plaintiff did not consent to the confinement and 4. The confinement was not otherwise

privileged.

It is without dispute that the plaintiff meets the first three elements of false imprisonment. All three officers admitted to placing the defendant under arrest and placing him in a police vehicle. All three (3) admit to taking him to the precinct and recovering contraband from his body. All three testified that the plaintiff was awake and conscious of his being taken into the police car as well as the search of his body. The plaintiff was also conscious of his confinement in the ulster County Jail for several months. He wrote his attorney requesting to be released he also filed a pro se writ of habeas corpus seeking his release after his arrest.

DEFENDANT'S HAD NO PROBABLE CAUSE FOR THE ARREST.

The only issue in dispute is a legal one. The issue is whether or not the officer's had probable cause to arrest the plaintiff thereby given them a complete defense to the claim of false imprisonment. For the reasons stated previously, the defendant's did not have probable cause to arrest the plaintiff, therefore plaintiff meets his burden of showing false arrest.

**POINT III - MALICIOUS PROSECUTION**

**The defendants are liable under a theory of malicious prosecution.**

The defendants are liable for malicious prosecution under 42 U.S.C. 1983. There are five elements that a plaintiff must show to prevail on a malicious prosecution claim under 1983: 1. the defendant initiated a prosecution against the plaintiff, 2. That the defendant lacked probable cause to believe the proceeding could succeed, 3. That the defendant acted with malice, 4. that the prosecution terminated in the plaintiff's favor and 5. There was a restraint on the plaintiff's liberty after his arraignment. *Noga v. Schenectady*, 169 F.Supp.2d 83 (N.D.N.Y. 2001); *Rohman v. New York City Transit Authority*, 215 F.3d 208 (2nd Cir. 2000).

## INITIATION OF PROSECUTION

The police witnesses admitted that they arrested the plaintiff for disorderly conduct in the street. They admitted that they recovered drugs from the plaintiff's body. They admitted that he was charged with a felony after this discovery. They also testified in the grand jury, preliminary conference and suppression hearing against the plaintiff.

## DEFENDANT'S LACKED PROBABLE CAUSE

The defendant's lacked probable cause to arrest the defendant as well as to conduct the search of the plaintiff as stated earlier.

## DEFENDANTS ACTED WITH MALICE

Malice can be inferred from a lack of probable cause for the arrest. Cite. Plaintiff meets this burden by demonstrating that his arrest was without probable cause. Alternatively, plaintiff can meet this standard by showing "...in reckless disregard for the rights of the plaintiff." cite. This is met because plaintiff testified that Officer Van Allen told him that he would be stripped searched pursuant to "KPD law".

## PROSECUTION TERMINATED IN PLAINTIFF'S FAVOR

The plaintiff's case was dismissed by a state court judge after he found that his constitutional rights were violated. The judge specifically found that the officers lacked probable cause for the search of the plaintiff and the recovery of contraband from his person. It is undisputed that the criminal case was resolved in the Plaintiff's favor.

## PLAINTIFF'S LIBERTY WAS RESTRAINED

It is without dispute that the plaintiff was held without bail for seven (7) months before he was released by a state court judge. Plaintiff did not consent to be incarcerated and his incarceration

was a s a direct result of the violation of his constitutional rights.

In conclusion, the plaintiff has satisfied all of the elements under this claim and therefore request that

this court rule in his favor as a matter of law.

## CONCLUSION

The court should grant partial summary judgement on the issue of liability and hold the matter

over for a trial on damages only.

Dated: November 1, 2008

s/ MarlonG. Kirton
Marlon G. Kirton, Esq.
Bar Roll Number 106455
MARLON G. KIRTON, P.C.
Attorney for Plaintiff
230 Park Ave. Ste., 1000
New York, New York 10169
(646) 435 5519
